PATRICK CONNORS v. WILLIAM JOYCE.

(GENERAL TERM, FOURTH DEPARTMENT, NOVEMBER, 1870.)

An execution may issue against the defendant to enforce the judgment of a justice of the peace " for the possession "of personal property, under section 53 of the Code, and for costs, although that section, in terms, provides for execution only in case the judgment be "for the delivery" of the property.

Title IX of the Code relates to executions issuing from courts of record, and section 286 providing the form thereof, and section 288 requiring service of an order of arrest before execution against the body, have no reference to writs issuing from Justices' Courts.

An execution upon a justice's judgment "for the possession" of personal property and for costs under section 53 of the Code, may issue against the person of the defendant.

MOTION by plaintiff for judgment on a special verdict found at the Oswego circuit. The facts appear in the opinion of the court.

*C. T. Richardson,* for the plaintiff.

*Marsh & Webb,* for the defendant.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—TALCOTT, J. This is a special verdict in an action for assault and battery, and false imprisonment. The facts presented by the special verdict are in substance as follows: In 1869, one Mahana commenced an action ordinarily termed an action of replevin, to recover the possession of a quantity of wood, less than $100 in value, against the now

plaintiff, before a justice of the peace of Oswego county. The wood was duly delivered to Mahana by the constable; Connors did not claim a return of the property. On the return day of the summons the parties joined issue before the justice; Mahana complaining of the wrongful taking and detention of the wood, and that he was entitled to the possession thereof, and Connors answering by a general denial not claiming a return of the property. The cause was tried by a jury, who rendered a verdict for Mahana, and the justice rendered a judgment that Mahana was entitled to the possession of the wood and for costs, $12.70. Thereupon, the justice issued an execution reciting the recovery of the judgment before him, and commanding the constable to levy the $12.70 of the goods and chattels of Connors, and for want of goods and chattels to take the body of Connors and convey him to the common jail, &c.

The execution was delivered to the defendant in this action, a constable of said county, who, in default of goods and chattels whereon to levy, took the body of Connors and committed him to jail in pursuance of the command of the execution. And, in case the defendant, Joyce, was not justified in so seizing and committing Connors, the jury assess the damages of Connors, by reason of such act, at fifty dollars. The only question presented by the special verdict is the authority of the justice to issue the execution in question.

The jurisdiction in actions to recover the possession of personal property, the value of which is stated in the affidavit not to exceed $100, was conferred upon courts of justices of the peace, by chapter 131, Laws of 1860, by adding subdivision 10 to section 53 of the Code.

The act of 1860, did not in terms provide for any execution whatever, but it did provide that, together with the direction to be indorsed on the affidavit requiring the constable to take the property from the defendant, the justice should issue a summons directed to the defendant, requiring him to appear, &c., and containing a notice that in case he shall fail to appear at the time and place therein mentioned, the plaintiff will have

Connors *v.* Joyce.

judgment for the possession of the property described in said affidavit, with the costs and disbursements of the said action. (Act of 1860, § 4.) It also provided (§ 10) that the actions so commenced should be tried in all respects as other actions are tried in Justices' Courts. It further provides (§ 11) that if the property shall not have been delivered to the plaintiff; or the defendant, by answer, shall claim a return thereof, the value of the property shall be assessed and the damages sustained by the taking or detention, and the justice shall render judgment accordingly, with costs and disbursements. Thus, by the act of 1860, no form of judgment to be rendered by a court of a justice of the peace in such actions is specifically provided, except in the cases where the property shall not have been delivered to the plaintiff, and where the defendant by his answer claims a return of the property.

Yet it cannot be doubted but that the legislature intended to confer upon the court the power to render the appropriate judgment in other cases. In his summons to the defendant, the justice is to notify him that in case he does not appear the plaintiff will have judgment for the possession of the property with costs and disbursements.

Yet no specific power to render such judgment is anywhere conferred by the act. The case specified in the notice embraced in the summons is this case, with the exception that the defendant instead of making default, appeared and interposed a denial, which was found against him. No doubt the justice had, under the provisions of the act of 1860, the power to render a judgment that the plaintiff in the replevin suit was entitled to the possession of the property. That was a conclusion of law from the verdict of the jury, otherwise the trial in such a case would be a futile proceeding. The additional judgment for costs would follow, if for no other reason, by virtue of section 2 of the act of 1866, chap. 692, which provides that " whenever a judgment shall be rendered in a court of justice of the peace, in civil actions, it shall be with costs of suit."

The power to render the judgment being conceded, the power to enforce it by some appropriate process seems to follow. And the question is, what is to be the nature and form of that process? The act of 1860 prescribes no form of execution in such actions; yet it cannot be doubted but that executions were to issue to enforce the judgments which might be rendered.

By the act of 1865 (chap. 616), certain further provisions are made in regard to judgments and executions, and it is thereby provided: 1st. That "the judgment for the plaintiff may be *for the possession* or for the *recovery* of the possession or the value thereof in case a delivery cannot be had, and of damages for the detention." 2d. "If the property have been delivered to the plaintiff, *and the defendant claim a return thereof*, judgment for the defendant may be for a return of the property or the value thereof, in case a return cannot be had, and damages for taking and witholding the same." 4th. "An execution shall be issued thereon." 5th. "If the judgment be for the delivery of the possession of personal property, it (the execution) shall require the officer to deliver the possession of the same, particularly describing it, to the party entitled thereto, and may at the same time require the officer to satisfy any costs or damages recovered by the same judgment out of the personal property of the party against whom it was rendered to be specified therein, if a delivery thereof cannot be had." It will be seen that this act provides the form of execution only in case the judgment be "*for the delivery*" of the property, which contemplates a change of the possession by virtue of the judgment. That is not the judgment in question in this case.

The property had already been delivered to Mahana, and the judgment merely confirmed him in the right to the possession, or was, in the language of the act of 1865, a judgment "for the possession," not "for the recovery of the possession."

There is, then, no form of execution for the particular case provided by the act of 1860, or the amendment of 1865 ; and

we are to look elsewhere for the form of the execution to be issued, where no recovery of possession of the property is provided for by the judgment.

Title 9 of the Code clearly relates only to executions issuing out of courts of record, as may be seen by several of its provisions. As for instance, the executions therein mentioned must be directed to the sheriff or coroner. (§ 289.) Therefore, section 286, prescribing three kinds of executions, has no application to executions issued by courts of justices' of the peace.

For the same reason section 288, which provides that no execution shall issue against the person of a judgment debtor, unless an order of arrest has been served, cannot apply to actions in Justices' Courts, where there can be no order of arrest.

We are then left, for the form of an execution in such a case, to the provisions of the Revised Statutes concerning courts of justices' of the peace, which are in force, except so far as expressly repealed, or inconsistent with the provisions of the Code.

Those parts expressly repealed do not affect this question. (Code, § 52.) And I do not find any provision of the Code applicable to Justices' Courts which is inconsistent with the provisions of section 131, 2 Revised Statutes, 249, which section authorizes an execution in the form adopted in this case.

My conclusion is, that the justice had power to issue the execution in question, and the defendant was justified in executing it according to its mandate.

The defendant is, therefore, entitled to judgment on the special verdict.

Judgment for defendant on special verdict.